Battle, J.
 

 This writ of error which is filed under the pro- - vision of the Revised Code,
 
 ch. 33, sec.
 
 19, brings before us for reconsideration the errors which were assigned by the defendant in his bill of exceptions, upon which we gave an opinion, which will be found reported, 6 Jones’ Rep. 210.—
 
 *410
 
 "We have given to. the arguments, by which, the counsel for the defendant have attempted to show errors in¡ onr judgment an attentive consideration, but without being-able to cense-to any other conclusion than that to which our former deliberations conducted us.
 

 1. The first alleged error is in respect to* the question of boundary. His Honor, in the Court belo.\v,. had instructed the jury with regard to the only disputed line- of the deed under which the defendant claimed “-that they must determine where Coniot Swamp was at the date of the call, that having determined this, the course of running from Town Swamp, would be to start from the Swash, and then proceed in a straight line t'o Coniot swamp.”
 
 We
 
 held that we could Dot discover any error in this charge, but the counsel for the defendant now contends that in so holding, we committed an er- ' ror, for that in law, the true course of running from Town swamp to Coniot swamp, was not a straight line from one point to the other through the Swash, but was along the edge of the-Swash; and for this, they rely upon the intimation of the opinion of a majority of the- Court, when this cause was-before it, on- a former occasion.. See
 
 Burnett v. Thompson,
 
 13 Ired. Rep. 379.
 

 It will he seen that the calls of the defendant’s deed; so far as it is necessary to state them, are as follows: “down.miry branch to the run- of Town swamp, thence down- the Town. Swamp to the Swash, thence down-the Swash to Couiots-wamp.”' The case now before us, then states that the defendant offered evidence to “ show that there was a continuation of the waters from. Town swamp to Coniot swamp through the-Swash, known as Broad water, and that Coniot swamp extended to-Coniot creek..” That is all the testimony given in. relation to. the Swash.. Nothing is said of its nature, extent or position, except the simple statement that there was a continuation of the water from Town swamp to Coniot swamp, through the-Swash, known-as Broad water.
 
 We
 
 learn from.this, that what is called the Swash, lies between Town swamp and Coniot swamp, and extends from ono to the other, but are left in ignorance-of its boundaries in. other-
 
 *411
 
 particulars, especially as to
 
 the nature and direction of'its edges-..
 
 Where any two points are given, a call from one to-the-other, is always a straight line, unless there be something additional in the description to vary it, as, for instance, np or d'own-the-meanders of a stream, or along the shore- of a lake, or the ' edge of a swamp. In this case, the call is “down the-Swash,.”' but there are no facts stated to show that any other than-, a straight line would lead from Town swamp to Coniot swamp “down the Swash,” and hence, the defendant’s bill of exceptions has failed to give us the means ©f ascertaining whether his Honor’s instruction was erroneous or not. By comparing the statement of the case, as it appears before us new, with that which was presented, on the former occasion it will be-plainly perceived that the- variance is too great for the one to. be permitted to have any influence over the oiliei’..
 

 2. With regard to the question of damages, it may well he-doubted whether the additional acts to which the eonnselhavereferred ns, in relation, to the leases of the Indian lands in Bertie county, are not private acts, for if they be- so,.
 
 vr&
 
 cannot jndically notice them. However that may be-, we-have looked into them, and find tha-t they do-ao-t vary in any material degree — certainly they do net enlarge the interest given to the lessees by the act of 1824. Indeed, the latter act having been passed long after those of 1778 and .1802, (chs. 136, 607, of the Revised Code of 1820,) may well be taken as the true exposition of the Legislative will concerning them, and, ■we are unable to add- any thing to what, wee said of its construction in our former opinion. If that, then, be the true construction, we have heard nothing in the' argument of the counsel, upon that point, to-induce us to- change our opinion as to the rule- of damages, by which' the- amount of the plaintiff’s recovery is to be ascertained..
 

 The result is, that the errors assigned by the defendant in his writ of error, must be o.ver-nded, and the judgment be again affirmed.
 

 Per Curiam,
 

 Judgment reaffirmed..